UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JESUS HERNANDEZ, JORGE HERNANDEZ, ANA KAREN MUNOZ, and JESUS SANTOS,<br><br>          Plaintiffs,<br><br>     v.<br><br>FIDEL MARTINEZ, LUCILLA ANN MARTINEZ, and ZENTIRAM FINISHING INC.,<br><br>          Defendants. | Case No.: 12-CV-06133-LHK<br><br>ORDER DENYING PLAINTIFFS' MOTIONS FOR DEFAULT JUDGMENT WITHOUT PREJUDICE |

Plaintiffs Jesus Hernandez, Jorge Hernandez, Ana Karen Munoz ("Munoz"), and Jesus Santos ("Santos") (collectively, "Plaintiffs") bring this action against Fidel Martinez, Lucilla Ann Martinez, and Zentiram Finishing Inc. (collectively, "Defendants") seeking damages arising from Defendants' failure to pay overtime and minimum wages as required by the Fair Labor Standards Act ("FLSA") and California wage orders and statutes. Plaintiffs allege that Defendants failed to compensate Plaintiffs, who are Defendants' former employees, for overtime wages and minimum wages.

1

Plaintiffs filed this action against Defendants Fidel Martinez and Lucilla Ann Martinez (collectively, "Martinez Defendants") on December 4, 2012. ECF No. 1 ("Compl."). On February 1, 2013, Plaintiffs amended their complaint to add Zentiram Finishing Inc. ("Zentiram"). ECF No. 8 ("First Amended Complaint").[1] Plaintiffs subsequently received notice that Defendant Zentiram had entered bankruptcy proceedings, and filed a notice of stay as to Defendant Zentiram on March 4, 2013. ECF No. 16. At Plaintiffs' request, the Clerk of the Court entered default as to the Martinez Defendants on March 6, 2013. ECF No. 19. Default was not requested or entered as to Zentiram Finishing Inc.

On June 10, 2013, Plaintiffs filed a Motion for Default Judgment against the Martinez Defendants ("Plaintiffs' June 2013 Motion"). ECF No. 28 ("Pls.' June 2013 Mot."). This Motion was originally before the Honorable Paul S. Grewal, and was subsequently transferred to the undersigned judge on July 16, 2013. ECF No. 30. On October 11, 2013, Plaintiffs filed another Motion for Default Judgment against the Martinez Defendants ("Plaintiffs' October 2013 Motion"). ECF No. 31 ("Pls.' Oct. 2013 Mot."). Pursuant to Civil Local Rule 7-1(b), the Court finds Plaintiffs' June 2013 Motion and Plaintiffs' October 2013 Motion (collectively, "Plaintiffs' Motions") appropriate for determination without oral argument. Accordingly, the hearing set for February 27, 2014, is VACATED. For the reasons discussed below, Plaintiffs' Motions are DENIED without prejudice.

First, the contents of Plaintiffs' June 2013 Motion inexplicably differ from Plaintiffs' October 2013 Motion. For example, the Court notes that, in the October 2013 Motion, Plaintiffs' statement of Jesus Santos's unpaid wages do not correspond to Plaintiffs' requested amount for Jesus Santos's unpaid wages. In Plaintiffs' October 2013 Motion, Plaintiffs state that Jesus Santos is owed $6,942.75 in unpaid wages. Pls.' Oct. 2013 Mot. at 11. However, later in the Motion, Plaintiffs request $7,310.25 for Jesus Santos's unpaid wages. Pls.' Oct. 2013 Mot. at 14. Plaintiffs do not explain the discrepancies in these amounts.

---

[1] Plaintiffs initially moved for default judgment against the Martinez Defendants on February 22, 2013. ECF No. 15. However, Plaintiffs withdrew their motion on March 5, 2013. ECF No. 17.

Moreover, the total requested amounts for Jesus Santos and Jorge Hernandez in Plaintiffs' June 2013 Motion differ from the total requested amounts for Jesus Santos and Jorge Hernandez in Plaintiffs' October 2013 Motion, despite the fact that the underlying calculations for damages remain identical. *Compare* Pls.' June 2013 Motion at 15 *with* Pls.' October 2013 Motion at 13-14. Specifically, in Plaintiffs' June 2013 Motion, Plaintiffs' total requested amount for Jesus Santos was $14,281.43. *See* Pls.' June 2013 Mot. at 15. However, in Plaintiffs' October 2013 Motion, Plaintiffs' total requested amount for Jesus Santos was $14,891.81. *See* Pls.' Oct. 2013 Mot. at 14. In Plaintiffs' June 2013 Motion, Plaintiffs' total requested amount for Jorge Hernandez was $11,825.58. *See* Pls.' June 2013 Mot. at 15. However, in Plaintiffs' October 2013 Motion, Plaintiffs' total requested amount for Jorge Hernandez was $11,826.17. *See* Pls.' Oct. 2013 Mot. at 13.

Despite these discrepancies, the total requested amount for all Plaintiffs is the same for Plaintiffs' June 2013 Motion and Plaintiffs' October 2013 Motion ($113,026.37). *Compare* Pls.' June 2013 Motion at 15 *with* Pls.' October 2013 Motion at 14.

Additionally, the Court is skeptical of some of Plaintiffs' calculations. Particularly, Plaintiffs assert that Jesus Santos is owed $124.25 in penalties for minimum wage violations under California Labor Code § 1194.2. The $124.25 amount was based on multiplying all of the hours Jesus Santos worked when he was paid $7.75 by $.25—the difference between Jesus Santos's actual wage rate ($7.75) and the minimum wage rate under California law ($8.00). *See* Decl. of Huy Tran in Supp. of Pls.' Mot. for Default Judgment ("Tran Decl.") at 10, ECF Nos. 28-6 and 31-6. Thus, the $124.25 divided by .25 is 497, which represents the total number of hours Jesus Santos worked below minimum wage. The documents show that Santos worked for 43 weeks below minimum wage. *See* Tran Decl. Ex. F, ECF Nos. 28-12 and 31-12. Thus, 497 hours divided by 43 weeks would mean that Jesus Santos worked only 11.56 hours per week.

However, Jesus Santos alleges in his declaration that he worked at least 47 hours a week during the 43 weeks that he worked and was paid below minimum wage. *See* Decl. Jesus Santos in Supp. Pls.' Mot. for Default Judgment at 2, ECF Nos. 28-5 and 31-5. Thus, according to Jesus Santos's declaration, he worked a total number of at least 2,021 hours (47 hours times 43 weeks)

3
Case No.: 12-CV-06133-LHK
ORDER DENYING PLAINTIFFS' MOTIONS FOR DEFAULT JUDGMENT WITHOUT PREJUDICE

when he was paid below minimum wage. Yet multiplying all of the hours Jesus Santos worked when he was paid below minimum wage by .25 would be $505.25—not $124.25 as Plaintiffs contend. As a result of the above, the Court lacks confidence in the accuracy of the numbers presented in Plaintiffs' Motions.

Finally, with regard to attorneys' fees, Plaintiffs contend that they are entitled to $14,475.00. Tran Decl. at 11. Courts in the Ninth Circuit calculate an award of attorneys' fees using the lodestar method, whereby a court multiplies "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (internal quotation marks omitted). The fee applicant bears the burden of demonstrating that the number of hours spent were "reasonably expended" and that counsel made "a good faith effort to exclude from [the] fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). A party seeking attorney's fees bears the burden of demonstrating that the rates requested are "in line with the prevailing market rate of the relevant community.'" *Carson v. Billings Police Dep't*, 470 F.3d 889, 891 (9th Cir. 2006). Generally, "the relevant community is the forum in which the district court sits." *Camacho*, 523 F.3d at 979 (citing *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)).

In this case, Plaintiffs' counsel Tomas Margain bills at $425 per hour and has expended 10 hours in the case. *Id*. Further, Plaintiffs' counsel, Huy Ngoc Tran, billed at $75 per hour while a law clerk and expended two hours in the case as a law clerk. *Id*. Now, as an attorney, Tran bills at $200 per hour and has expended fifty hours in the case as an attorney. *Id*. But these hourly rates and these numbers of hours expended only yield a lodestar of $14,400—not $14,475 as Plaintiffs contend. Further, Plaintiffs do not show how the number of hours were "reasonably expended." Plaintiffs merely state the number of hours each attorney expended, but Plaintiffs do not set forth a detailed breakdown of what the attorney did to expend those hours. *See* Tran Decl. at 11. Indeed, Plaintiffs did not attach detailed billing records to support the claimed number of hours expended. Therefore, the Court cannot verify whether Plaintiffs' counsel's hours were reasonably expended.

Moreover, Plaintiffs do not establish that the Plaintiffs' counsel's rates were "reasonable hourly rates." Plaintiffs only state each attorney's hourly rate without any evidence from which the Court can determine whether the claimed rates are reasonable and in line with those prevailing in the community for similar services. Without this information, the Court cannot determine whether the fees sought are reasonable. Accordingly, the request for attorney's fees must be denied without prejudice.

Plaintiffs' Motions against the Martinez Defendants are DENIED with leave to amend within 30 days of this Order. In any amended motion, Plaintiffs shall clarify the discrepancies in the previous numbers presented and clearly explain all requested damages in table form with an identification of the source of each number and the method of each calculation. With regard to attorneys' fees, Plaintiffs shall include detailed breakdown of the hours expended by each attorney in the case and information to establish the reasonableness of each attorney's hourly rates.

**IT IS SO ORDERED.**

Dated: February 26, 2014

_____
LUCY H. KOH
United States District Judge